# Troop, Appellant, *v.* Franklin Savings & Trust Co.

*Appeals—Affidavit of defense — Judgment — Evidence — Inferences—Relevant facts—Judicial notice.*

1. In considering whether a defendant is or was entitled to a judgment in his favor on questions of law raised in his affidavit of defense, every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice, must be accepted as true; but all others must be treated as nonexistent.

*Contract—Another promise to perform—Consideration.*

2. Where a legal obligation already exists, another promise to perform it is without consideration, and hence will not support an additional promise by the opposite party.

*Estoppel—Notice—Intended actions.*

3. One cannot be estopped unless, prior to their performance, he had notice of the intended actions of the other party, because of which the estoppel is alleged to have arisen.

Argued September 27, 1927.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

Appeal, No. 94, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1926, No. 4575, for defendant on question of law raised by affidavit of defense, in case of R. A. Troop v. Franklin Savings & Trust Co.   Affirmed.

Assumpsit to recover value of certain corporate stock. Before Carnahan, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense.   Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*W. A. Griffith,* with him *Griffith & Balter,* for appellant.—A binding and enforceable contract for the return of plaintiff's collateral, upon the payment of his individual note, was entered into between plaintiff and defendant acting through its duly authorized agent: Erny v. Sauer, 234 Pa. 330; Bayne v. Distributing Co., 87 Pa. Superior Ct. 195; Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361; Miles' Est., 66 Pa. Superior Ct. 115.

Plaintiff is entitled to maintain this action as a third party beneficiary to the contract entered into between the bank and S. Catanzaro & Sons, Inc., for the purpose of refinancing the affairs of S. Catanzaro & Sons, Inc.: Watson v. Kelley, 289 Pa. 47; Leonard Seed Co. v. Burgerhoff Co., 85 Pa. Superior Ct. 381.

Plaintiff is entitled to maintain this action on the basis of estoppel: Tonge v. Publishing Co., 244 Pa. 417; Wolfgang v. Shirley, 239 Pa. 408.

*Harry S. Dunmire,* with him *R. T. M. McCready,* for appellee.—The agreement set up by appellant as the basis for his action is without consideration and is nudum pactum: Dunn v. B. & Loan Assn., 2 Penny. (Pa.) 109; Wimer v. Overseers, 104 Pa. 317; McClellan v. Smith, 170 Pa. 124; Cleaver v. Lenhart, 182 Pa. 285; Erny v. Sauer, 234 Pa. 330.

Appellant cannot maintain this action as the beneficiary of the contract alleged to have been entered into between appellee and the third party: Brill v. Brill, 282 Pa. 276; Tasin v. Bastress, 284 Pa. 47.

Appellant is not entitled to maintain this action on principles of estoppel: Tustin v. C. & I. Co., 250 Pa. 425; Rhawn v. Furnace Co., 201 Pa. 637.

Appellant does not allege facts sufficient in substance to maintain a cause of action in trespass.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1927:

In this suit, judgment was entered for the defendant bank, upon questions of law raised in its affidavit of defense, and plaintiff now appeals. Under such circumstances, every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice, must be accepted as true; but all others must be treated as nonexistent: Robert Grace Contracting Co. v. Norfolk & Western Ry. Co., 259 Pa. 241.

Plaintiff averred in his statement that the bank held two overdue notes upon which he was liable. On one he was the maker, on the other he was but an endorser; he had given the bank certain stock as collateral security for the payment of the latter note, and himself held, as security for his endorsement, a quantity of personal property of the maker. Of this latter fact, he had given notice to the bank. Some months later, an agreement was entered into between the maker of this note and the bank, whereby it agreed to refinance his entire indebtedness, to release plaintiff from liability on the endorsed

note, and to return to plaintiff his stock, upon payment of the balance due on his individual note. Plaintiff was not a party to this arrangement, but, shortly thereafter, was informed of it by the cashier of the bank. So far as appears, plaintiff made no further inquiry of the bank, but, of his own motion and without its knowledge, sold the personal property, which he held as security against his endorsement, and paid the proceeds to the maker of that note. Evidently the refinancing did not take place; it is not stated whose fault this was, and hence it must be presumed that the bank was not to blame. Plaintiff paid the balance due on the note of which he was the maker, demanded of the bank the return of his stock, held as collateral for the endorsed note, and, this being refused, brought the present suit to recover the value of the stock.

He alleges three reasons why the judgment should be reversed: (1) That the agreement made by defendant to return plaintiff's stock when he paid the balance due on his individual note is binding; but, this note being then overdue, that promise, if made, was without consideration, and hence is not enforceable: Erny v. Sauer, 234 Pa. 330. (2) That he was a third party beneficiary in the agreement between the bank and the maker of the note. That he would have benefited if the refinancing had taken place, is undoubtedly true; but there is no averment that the bank was to surrender its collateral, if, without fault on its part, the refinancing did not take place. (3) That the bank is estopped to deny plaintiff's right to do as he did. If plaintiff had told the bank he intended to sell the collateral he held to secure him on his endorsement, and to give its proceeds to the maker of that note, and the bank had not objected, there might be some ground for the alleged estoppel. This is not averred, however. Evidently plaintiff was too sure the refinancing would be accomplished; having taken the risk of this, he must bear the resultant loss, and cannot

impose it on the bank, which, so far as appears, was in no way to blame.

To avoid misunderstanding, it should be added that appellant does not complain of the failure of the court below to give him leave to amend his statement of claim, and hence we have not considered whether this should have been done: See Shifferstine v. Sitler, 264 Pa. 290; Morris & Bailey Steel Co. v. Bank of Pittsburgh, 277 Pa. 81.

The judgment of the court below is affirmed.