Houser *v.* Childs (Gulf Oil Corporation, Appellant).

Argued October. 6, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Alfred T. Steinmetz,* with him *Joseph L. Comber,* for appellant.

*Simon Pearl,* with him *Marcus Berman,* for appellee.

OPINION BY KELLER, P. J., January 27, 1938:

Gulf Oil Corporation on May 29, 1936 entered into a contract with Fred W. Mark Contracting Co. for the construction of a service station. The contractor sublet the contract for the brickwork to George Houser, this plaintiff. Houser performed his contract between June 22, 1936 and September 22, 1936, but was not paid in full for his work. He filed a mechanic's lien against the building and lot appurtenant, and issued this scire facias on the claim. Gulf Oil Corporation, the owner, defended on the ground that in its contract with Fred W. Mark Contracting Co., the contractor had agreed that no mechanic's claim against the building should be filed by anyone, and that a duly written and signed contract to that effect had been filed in the office of the Prothonotary of the Courts of Common Pleas of Philadelphia County on June 3, 1936, within ten days after the execution of the principal contract. It appeared on the trial that the prothonotary had indexed the contract, waiving the right of anyone to file a mechanic's claim against the building being erected under the above contract, in the judgment index, against corporations, (Corporation Book), under the letter "F," and in no other place, making the owner, Gulf Oil Corporation, the plaintiff and the contractor, Fred W. Mark Contracting Co. the defendant.

Section 15 of the Mechanic's Lien Law of June 4, 1901, P. L. 431, as amended by Act of April 24, 1903, P. L. 297, 49 PS sec. 72, authorizes the contractor to stipulate by contract with the owner that no mechanic's claim shall be filed by anyone, but provides that as against a subcontractor, such as this plaintiff, the only admissible evidence thereof shall be: (1) Proof of actual notice thereof to him before any labor or materials were furnished by him. This was wholly lacking in this case. Or (2) proof that a duly written and signed contract to that effect (a) has been filed in the office of the prothonotary of the court of common pleas of the county where the structure or improvement is situate, ($a^1$) prior to the commencement of the work upon the ground, or ($a^2$) within ten days after the execution of the principal contract, or ($a^3$) not less than ten days prior to the contract with the claimant, and (b) has been indexed by the prothonotary in the judgment index[1], making the contractor the defendant and the owner the plaintiff. As section 15 authorizes an exemption from, or exception to, the general provisions of the Mechanic's Lien Law, its requirements must be strictly followed by an owner seeking to avail himself of the exemption or exception thus allowed. An owner desirous of taking advantage of its provisions is bound to know the status of the contractor with whom he is dealing, whether an individual, a partnership or a corporation, and he is bound to see that the contract as filed is properly and correctly indexed against the contractor by the prothonotary in the judgment index, in accordance with the contractor's true status. So far as subcontractors are concerned, he has only himself to blame if he fails to learn whether the party he is dealing with is an individual, a firm or a corporation, or neglects to make sure that the prothonotary correctly indexes the contract accordingly.

---

[1] See sec. 18 of the Act of June 4, 1901, supra, 49 PS sec. 77.

In the present case, it does not appear that the Gulf Oil Corporation made any inquiry as to the status of the contractor, Fred W. Mark Contracting Co. The contract was signed "Fred W. Mark Contracting Co. by F. W. Mark." No title or position was ascribed to F. W. Mark. In the body of the contract, the words, 'he' and 'his' were used throughout in referring to the contractor. As a matter of fact, Fred W. Mark Contracting Company was the fictitious name under which Edward M. Childs, of 5608 Ridge Avenue, Philadelphia, Pa., carried on the business of General Construction. Certificate to that effect had been filed in the office of the Prothonotary of the Courts of Common Pleas of Philadelphia County on August 7, 1935. The principal office or place of business was named therein as, 1289 Broad Street Station Building, Philadelphia, Pa. and F. W. Mark was designated as the agent, through whom the said business was to be conducted in the State of Pennsylvania. It is clear that an indexing of the contract in the corporation judgment index under the letter "F" was not in the present case a compliance with the strict requirement of the exempting or waiver provisions of sections 15 and 18 of the Act, and, therefore, did not constitute constructive notice of the agreement not to file liens to subcontractors furnishing labor or materials to the structure.

By registering his fictitious name business in the Prothonotary's office, Childs had done all that the law required him to do. His registration was constructive notice to the public (*Estate of Edwin R. Mack,* 111 Pa. Superior Ct. 20, 23, 169 A. 468). We are not advised whether under the system of indexing judgments in Philadelphia there is a separate subheading or subdivision in each individual book—that is, Book A, Book B, etc.—for the indexing of *firms,* such as there is in some counties of the State; but it is clear that a judgment indexed under letter "F" in the Corporation book

index against Fred W. Mark Contracting Company would not correctly represent, or give constructive notice of, a judgment against Edward M. Childs, trading as Fred W. Mark Contracting Company. The slightest inquiry of the party it was dealing with would have disclosed to the owner the true status of the contractor, and the contract should have been drawn between Edward M. Childs, trading as Fred W. Mark Contracting Company, Contractor, and Gulf Oil Corporation, owner, and the prothonotary would then have indexed it accordingly. Appellant's own negligence is responsible for its present liability to the subcontractor.

While not exactly in point the following cases show the necessity for a strictly accurate indexing of the defendant's name in the proper place in the judgment index in order to hold the lien of the judgment against subsequent judgment creditors, whose liens are properly entered and indexed: *Miller v. Glass Works,* 172 Pa. 70, 75, 33 A. 350; *Crouse v. Murphy,* 140 Pa. 335, 341, 342, 21 A. 358; *Shafer's App.,* 106 Pa. 49, 54; *The York Bank's App.,* 36 Pa. 458, 461; *Ridgway, Budd & Co.'s App.,* 15 Pa. 177; *Smith's App.,* 47 Pa. 128; *Hamilton's App.,* 103 Pa. 368.

The offers of evidence on the part of the defendant excluded on the trial, which are assigned for error, could not have remedied the fundamental defect in the defendant's case.

We are, therefore, of opinion that the learned trial judge was justified in giving binding instructions in favor of the plaintiff and that the court below did not err in entering judgment in his favor.

Judgment affirmed.