Savitz, Appellant, *v.* Weinstein.

Argued January 14, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and McBRIDE, JJ.

*Harry Norman Ball,* with him *Joseph G. Feldman,* for appellant.

*Laurence H. Eldredge,* with him *Morris Chernock,* for appellee.

OPINION BY MR. JUSTICE BELL, March 20, 1959:

Plaintiff is attempting to recover on an amended complaint in trespass—alleging deceit by defendant who is an attorney at law. The lower Court sustained defendant's preliminary objections in the nature of a demurrer, and plaintiff's amended complaint was dismissed.

In *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491, the Court said (page 94): "Defendants by their 'preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law': Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895. Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870; Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776."

It is necessary, therefore, to review and analyze plaintiff's averments of fact to determine whether they allege a valid cause of action.

Gallaccio and Reale were engaged in the construction business under the name of Western Construction Company. They were low bidders on a contract for the construction of a sewer at Castor Avenue. Plaintiff averred that he and Gallaccio and Reale entered

into a written agreement, under the terms of which plaintiff was employed as General Superintendent of the construction of the Castor Avenue sewer, in consideration of which plaintiff became entitled, inter alia, to receive a bonus of $14,000. Plaintiff also averred that he had invested $14,000 with the Western Construction Company for the purpose of this sewer job. Defendant was attorney for Gallaccio and Reale, and the agreement between them and plaintiff was prepared by defendant.

Plaintiff further averred: "In the . . . preparation of the contract . . . defendant acted as attorney for Fred Gallaccio and Frank Reale and upon being advised that plaintiff was not represented by any counsel, agreed to act as attorney for the plaintiff and in the preparation thereof to protect the plaintiff in connection with the matter. Thereafter, defendant advised plaintiff that he had prepared the agreement for the protection of the plaintiff, counseled him with regard to the terms and effect of the agreement, acted as his intermediary in connection with the transfer of the monies referred to in the agreement; prepared a certification to be signed by plaintiff, which was delivered to a bonding company which guaranteed performance of the work referred to and advised plaintiff to sign the same for delivery to the bonding company *and assured him that he would protect his interests in the transaction in the same manner as he was protecting the interest of the partnership** of Fred Gallaccio and Frank Reale, individually and trading as Western Construction Company.

". . . and further advised plaintiff not to secure a separate attorney to represent his interests since such representation would involve the payment of fees and would hold up the completion of the work of the job

---

* Italics throughout, ours.

referred to in the contract and further represented that the agreement prepared by defendant between plaintiff on the one part and Fred Gallaccio and Frank Reale on the other, was a binding and legal contract between plaintiff and Fred Gallaccio and Frank Reale.

". . . Thereafter, in reliance upon defendant's assurances and representations, plaintiff signed said contract. Without defendant's representations and assurances, plaintiff would neither have turned over his money [$14,000] to defendant nor have entered into said contract.

"Fred Gallaccio and Frank Reale wrongfully discharged plaintiff on November 5, 1952, at a time when 90% of the construction of the Castor Avenue Sewer was completed. The wrongfulness of the discharge was [successfully and] conclusively adjudicated in Savitz v. Gallaccio et al., 179 Pa. Superior Ct. 589 (1955). In said litigation defendant represented Fred Gallaccio and Frank Reale.

"On September 2, 1953, plaintiff brought an action against Fred Gallaccio and Frank Reale captioned 'Phil Savitz v. Fred Gallaccio and Frank Reale, individually and trading as Western Construction Co., C. P. No. 6, June Term, 1953, No. 9618'. . .

"In the suit . . . the basic defense, suggested, counseled and instigated by defendant, was made as follows: '. . . the agreement herein to pay plaintiff a bonus of $14,000 over and above the plaintiff's loan of $14,000 was a subterfuge and device by use of the word "bonus" in said written agreement to conceal an express oral understanding by the parties to pay to the plaintiff usurious interest on account of the said loan in violation of the Pennsylvania statute . . . which act limits the lawful rate of interest for any loan in Pennsylvania to 6% per annum.'

"On January 22, 1957, at the trial of [that] suit . . . defendant testified to the effect that said contract which

defendant drew was a subterfuge, and was usurious and illegal. [The trial resulted in a verdict for plaintiff in the amount of $14,000.]

"By reason of defendant's action in suggesting, counseling and instigating the defense [of usury], . . . plaintiff was obliged . . . to engage counsel to represent his interests therein and to pay to said counsel the sum of $6,000, being the fee charged by said counsel. The said fee included reimbursement of counsel for all costs and expenses of commencing and prosecuting plaintiff's suit to recover the sum due to plaintiff pursuant to said contract.

"Defendant did suggest, counsel and instigate the defense [above] referred to . . . and did testify to the effect set forth in . . . this Complaint *with knowledge and intent* that his said actions and testimony would cause harm to the plaintiff and result in forcing plaintiff to expend large sums of money in enforcing his rights.

"The representations set forth [hereinabove] . . . made to plaintiff at the time that defendant prepared the agreement . . . were wilfully, deliberately and fraudulently made with knowledge that the plaintiff would believe and rely thereon although *defendant at all times intended,* in the event plaintiff should assert such rights as the agreement purported to grant, *to counsel, suggest and instigate the defense* [of usury] . . . *and to testify if necessary, on behalf of the other parties thereto, that the said agreement was a subterfuge, usurious and illegal.*"

It is important to note that this is not a suit in assumpsit for a breach of contract; this is an action in trespass for deceit. In *Neuman v. Corn Exchange National Bank and Trust Company,* 356 Pa. 442, 51 A. 2d 759, Justice (now Chief Justice) JONES, speaking for the Court, said (pages 450, 455): ". . . The Re-

statement, Torts, §525, succinctly comprehends the ingredients of a cause of action for deceit in the following language: 'One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from acting in reliance thereon in a business transaction is liable to the other for the harm caused him by his justifiable reliance upon the misrepresentation'. The rule is no different in Pennsylvania: see Hexter v. Bast, 125 Pa. 52, 71-72, 17 A. 252; Cox v. Highley, 100 Pa. 249, 252. To summarize,—there must be (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result. . . .

". . . In an action for deceit or fraud in Pennsylvania, the plaintiff can recover only 'his actual loss' and not 'the value of his bargain'."*

The Court below sustained the demurrer because (a) the contract was a legal and binding contract, (as the jury found when plaintiff sued Gallaccio and Reale for $14,000) and (b) defendant had a right and a duty to protect the interests of his clients, Gallaccio and Reale, and to advise them of all proper legal defenses.

Appellees urge the proposition that a lawyer owes "courage and fidelity" to his clients to properly advise them and to act in their best interests. We agree with all of this, but there is a point which has been overlooked. Defendant under the pleadings likewise owed a duty of fidelity to plaintiff which he voluntarily assumed, namely, he agreed to act as attorney for plain-

---

* If plaintiff recovers he would be limited to his actual loss, which in this case would be his actual costs and expenses, and the reasonable value of the services of his attorney in recovering from Gallaccio and Reale the sum of $14,000.

tiff, and prepare the agreement to protect plaintiff's interest in the transaction, in the same manner as he would protect the interests of Gallaccio and Reale. Defendant was guilty of deceit, if, as plaintiff averred, defendant intended at that time, as his later actions indicated, to prepare the agreement in such a manner as would enable him to defeat or attempt to defeat any of plaintiff's interests therein. We believe plaintiff has stated a valid cause of action.

Judgment reversed with leave to defendant to file an answer on the merits.

Mr. Justice COHEN dissents.