## Shaner v. Centennial School District

*Richard W. Rogers,* for plaintiffs.

*Ballard, Spahr, Andrews & Ingersoll,* for defendant.

MOUNTENAY, J., May 28, 1974.—This matter comes before us on defendant's preliminary objections in the nature of a demurrer to plaintiffs' complaint in mandamus. Briefly, plaintiffs, custodians employed by defendant school district, seek to compel defendant to comply with the procedures set forth in section 514 of the Public School Code of 1949 in connection with defendant's "removal" of plaintiffs from their employment as custodians. Section 514 of the Act of March 10, 1949, P.L. 30, 24 PS §5-514, reads, in part, as follows:

"The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

Defendant contends that section 514 has no application to the present situation inasmuch as plaintiffs were not "removed" from employment but rather were employed on an annual basis only and that their contracts of employment were simply not "renewed"

at the expiration of the term. Accordingly, we must first determine whether plaintiffs were employed for a fixed term only.

The complaint avers that each of the plaintiffs "was employed as a custodian during the 1971-1972 school year." In support of such allegation, plaintiffs have attached to their complaint exhibits B through G, being copies of a form of "Salary Notification 1971-1972" pertaining to each of the plaintiffs, respectively. Typical of these exhibits was exhibit B, pertaining to plaintiff, Margaret Shaner, the first paragraph of which reads as follows:

"At a meeting of the Centennial School Board held on July 13, 1971, you were re-appointed as a Custodian for the school year 1971-72, at a salary at the rate of $6300.00 effective July 1, 1971."

Exhibits C, D, E and G were identical except as to the amount of salary, and exhibit F, relating to plaintiff, Helen Stanton, reads as follows:

"At a meeting of the Centennial School Board held on February 22, 1972, you were appointed as a Custodian for the school year 1971-72, at a salary at the rate of $5250.00 effective February 14, 1972."

The complaint contains no allegation of employment independent of the foregoing.

Also attached to the complaint is exhibit A, which is a copy of the form of letter by which defendant notified each of the plaintiffs of the termination of his employment. This exhibit reads, in pertinent part, as follows:

"This is to notify you that the Centennial School Board at its regular meeting held on June 27, 1972, accepted the recommendation of administration and terminated your services as a Custodian in the Centennial Schools effective at the end of the day on June 30, 1972."

While not so specified by the pleadings, it appears that all parties regard June 30, 1972, as the end of the 1971-72 school year.

It seems obvious that the "Salary Notifications" constitute commitments for the school year 1971-72 only. Irrespective of whether the termination notice speaks in terms of "termination" or "removal" or "failure to renew," the complaint on its face indicates that the contractual rights of plaintiffs do not go beyond the end of 1971-72 school year. Neither does the complaint aver any pattern of automatic renewals or a practice of retaining employes beyond the expiration of their employment contracts. Compare Kapustik v. Arnold City School District, 177 Pa. Superior Ct. 268 (1955).

In passing upon preliminary objections, we must, of course, accept as true all well-pleaded facts and inferences reasonably drawn therefrom: Balsbaugh v. Rowland, 447 Pa. 423 (1972). However, a demurrer does not admit either doubtful inferences from undisputed facts (Lerman v. Rudolph, 413 Pa. 555 (1964)), or the truth of an averment where a document referred to shows that it is not true: Figner v. Scrignoli, 89 Dauph. 21 (1958). Moreover, a demurrer does not admit as true conclusions of law: Savitz v. Weinstein, 395 Pa. 173 (1959).

Accordingly, in view of exibits B through G of plaintiffs' complaint, we must conclude that plaintiffs were employed for a period of one year only and that the term of employment of each expired on June 30, 1972, this being the effective date of defendant's termination notice.

Does section 514 apply to this situation? We think that it does not. Of course, there is no doubt but that, if an employe is hired for a fixed term, he cannot be removed *prior* to the expiration of the term except in

compliance with the provisions of section 514: Mesaris v. Exeter School District, 53 Luz. 203 (1963); Pieroni v. Newport-Conyngham Joint Schools, 50 Luz. 259 (1960). See also Hetkowski v. Dickson City Boro. School District, 141 Pa. Superior Ct. 526 (1940), which was decided under a similar provision of the School Code of May 18, 1911, P. L. 309. All of these decisions, however, tacitly concede the right of the school district to terminate, without hearing, employment at the expiration of a fixed term of employment, as did defendant in the instant case, and we find no decisions denying that right. In other words, termination at the expiration of a term of employment has not been held to constitute a "removal" within the meaning of section 514.

It might be argued that the use of annual contracts of employment constitutes an unlawful evasion of the requirements of section 514. However, this argument has not been advanced, and, accordingly, we do not address ourselves to it. We repeat, moreover, that the cases cited above implicitly condone this practice. Compare section 2112, 24 PS §21-2112, applicable to school districts of the first class only.

Since the factual situation pleaded does not require compliance with section 514, and since plaintiffs' action is premised solely upon that provision, the demurrer must be sustained. If plaintiffs believe that an action exists independent of section 514, then the complaint must be amended accordingly.

## ORDER

And now, May 28, 1974, defendant's preliminary objections to plaintiffs' complaint are hereby sustained. Plaintiffs are given leave to file an amended complaint within 20 days hereof.