437 A.2d 960

**SITE IMPROVEMENTS, INC., Appellant,**

v.

**CENTRAL AND WESTERN CHESTER COUNTY
INDUSTRIAL DEVELOPMENT AUTHORITY.**

Superior Court of Pennsylvania.

Argued March 31, 1981.

Filed Nov. 30, 1981.

Russell B. Bershad, Philadelphia, for appellant.

Michael Minkin, Philadelphia, for appellee.

Before CERCONE, President Judge, and HESTER and JOHNSON, JJ.

CERCONE, President Judge:

This is an appeal from an order sustaining a preliminary objection in the nature of a demurrer to a complaint on a mechanic's lien. The demurrer asserted as a defense the filing and proper indexing of a waiver of liens.[1] We now reverse and remand.

1. This Court has previously held that the defense of waiver of liens may be asserted in preliminary objections to a complaint on a mechanic's lien where the waiver has properly been made part of the record. See *John B. Kelly, Inc. v. Phoenix Plaza, Inc.*, 249 Pa.Superi-

Appellee is the owner of the premises and building against which appellant, the subcontractor, filed its mechanics lien. K. P. Properties is the equitable owner of the property by virtue of an installment land sale contract between it and appellee. The Raymon Corporation of Marlton, New Jersey was the general contractor. The parties to the waiver of liens agreement were the Raymon Corporation and K. P. Properties. It was executed on November 6, 1978 and filed with the prothonotary of Montgomery County on November 21, 1978. We now consider whether the lower court incorrectly sustained appellee's preliminary objections based on the finding that the waiver of liens was properly indexed by the Montgomery County prothonotary.

In arriving at its decision on the demurrer the lower court considered as evidence a copy of a docket entry of the filing of this lien waiver and a copy of the filed agreement itself. The docket entry which the court considered, part of the judgment index, listed the Raymon Corporation as plaintiff and K. P. Properties as defendant. Based on this single docket entry the court concluded that the waiver of liens had been properly indexed.

■ Section 402 of the Mechanic's Lien Law of 1963, 49 P.S. § 1402, reads:

A written contract between the owner and contractor or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding; *but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials were furnished by him; or proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work upon the ground* or within ten (10) days after the execution of the principal contract or not less than ten (10) days prior to the contract with the claimant subcontractor, *indexed in the name of the contractor as defendant and the owner as*

or Ct. 413, 378 A.2d 363 (1977); *Mar Ray, Inc. v. Schroeder,* 242 Pa.Superior Ct. 14, 363 A.2d 1136 (1976).

*plaintiff and also in the name of the contractor as plaintiff and the owner as defendant.* The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of any subcontractor shall be a written agreement to that effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation.

Act of August 24, 1963, P.L. 1175, No. 497, art. IV, § 402; 49 P.S. § 1402. (Emphasis added). In *Houser v. Childs,* 129 Pa.Superior Ct. 565, 196 A. 547 (1938) this Court held that it was incumbent upon the property owner to see that a waiver of liens agreed to between him and the contractor is properly filed and indexed. Any failure in such filing and indexing is attributable to the owner and invalidates the waiver as against the subcontractor. As we stated there:

An owner desirous of taking advantage of [the provision of the Mechanic's Lien Law] . . . is bound to see that the contract as filed is properly and correctly indexed against the contractor by the prothonotary in the judgment index. . . . So far as subcontractors are concerned, he has only himself to blame if he. . . neglects to make sure that the prothonotary correctly indexes the contract. . . .

*Id.,* 289 Pa.Super. at 567, 196 A. at 548. *Cf. Lisk Plumbing & Heating Co., Inc. v. Schons,* 283 Pa.Superior Ct. 344, 423 A.2d 1288 (1981) (Opinion per Van der Voort, J. with Spaeth and Hoffman, JJ. concurring in the result.).

Section 402 of the Mechanic's Lien Law of 1963, 49 P.S. § 1402, specifically states that a waiver of liens must be indexed listing both the owner as plaintiff and the contractor as defendant as well as listing the contractor as plaintiff and the owner as defendant.[2] Section 402 creates an exception to the general provisions of the statute and must therefore be read strictly. *Cf. Houser v. Childs, supra.* Furthermore, the clause containing the indexing require-

2. Under the prior law, (the Act of June 4, 1901, P.L. 431, as amended by the Act of April 24, 1903, P.L. 297, 49 P.S. § 72,) the prothonotary was required only to index mechanic's lien waivers listing the owner as plaintiff and the contractor as defendant.

ments is written in the conjunctive, without the interposition of punctuation,[3] and appears unambiguous on its face. The foregoing leads us to the conclusion that in order for a subcontractor to have constructive notice of a waiver of liens agreement between the contractor and the owner the waiver must be indexed both against the owner and against the contractor as defendants.

■ In the light of our reading of Section 402 of the Mechanic's Lien Law of 1963, we are of the mind that the lower court erred in finding that the waiver of liens was properly indexed. All the court had before it was a copy of the judgment index listing the contractor as plaintiff and the owner as defendant. Under the prior law,[4] this indexing of the waiver of liens would have failed entirely as against a mechanic's lien filed by a subcontractor without actual notice. The indexing considered by the court only partially complied with the Mechanic's Lien Law of 1963. Missing is any indication whatsoever that the waiver of liens was also indexed with the owner listed as plaintiff and the contractor as defendant. Clearly the lower court erred; based on this information alone the court should not have sustained the demurrer.[5] We reverse the order sustaining appellee's preliminary objection and remand for further proceedings not

3. That is, the Act of 1963, *supra*, reads "indexed in the name of the contractor as defendant and the owner as plaintiff *and also* in the name of the contractor as plaintiff and the owner as defendant."

4. See footnote 2, *supra*.

5. Section 505 of the Mechanic's Lien Law of 1963, *supra*, 49 P.S. § 1505, allows the court to determine factual questions raised in preliminary objection on depositions or otherwise. That section reads:

   Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings.

inconsistent with this opinion,[6] because the court improperly concluded, based on what it had before it, that the waiver of liens was properly indexed so as to bar appellant subcontractors mechanic's lien.

Reversed and remanded for further proceedings not inconsistent herewith.

---

**6.** The disposition which we make today of this case obviates the necessity of considering appellant's other assignments of error, which are: that the court erred in considering matter *dehors* the record before it; that it erred not finding that appellee admit the averments in appellant's answer and new matter filed in response to the preliminary objection when appellee filed a praecipe to place the case on the argument list; and, that the court erred in not requiring discovery or in taking evidence.