578 A.2d 508

**MOREHALL CONTRACTING CO., INC., Appellant,**

v.

**BRITTANY ESTATES LIMITED PARTNERSHIP.**

Superior Court of Pennsylvania.

Argued May 3, 1990.

Filed Aug. 3, 1990.

Henry J. Costa, Jr., Norristown, for appellant.

Nancy P. Brennan, Paoli, for appellee.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order granting the preliminary objections in the form of a demurrer of appellee, Brittany Estates ("Brittany"), and dismissing the mechanics' lien complaint of appellant, Morehall Contracting Co., Inc. ("Morehall"), which had been filed in connection with a contract to perform certain grading and excavation work. Appellant claims that the trial court erred in dismissing its complaint on the ground that the work appellant performed for appellee did not constitute an "improvement" to property under the Mechanics' Lien Law of 1963.[1] For the following reasons, we agree with appellant that the trial court erred in granting Brittany's preliminary objections, and, accordingly, we reverse the order below and remand for proceedings consistent with this opinion.

Morehall was a subcontractor to Chesterdale Construction Company, which in turn was general contractor at a construction project known as Brittany Estates. Brittany Estates is a townhouse and condominium development located in Caernarvon Township, Berks County. Morehall's complaint alleged that, pursuant to a written contract with Chesterdale, dated September 27, 1988, Morehall performed a significant amount of construction work at the site of the

---

**1.** 49 Pa.S.A. § 1101 *et seq.* Appellant also argues that the court below erred in dismissing its complaint because: (1) there is no statutory requirement that appellant allege that actual construction took place at Brittany Estates in order to state a claim; (2) the court failed to direct the parties to conduct discovery in order to determine whether construction had taken place at Brittany Estates; and (3) the court failed to accept photographs and affidavits documenting the progress of construction at Brittany Estates. Because of our disposition of appellant's first claim, we need not address these issues.

development, including excavation and grading of the property in preparation for the construction of several housing units. Subsequent to its completion of work on the contract, Morehall failed to secure full payment from Brittany. Morehall therefore filed a Mechanics' Lien Claim against Brittany on February 24, 1989. On April 10, 1989, Morehall filed a "Complaint to obtain judgment on its Mechanics' Lien Claim", and Brittany filed Preliminary Objections thereto on May 9, 1989. On June 9, 1989 the Court of Common Pleas issued an order sustaining Brittany's Preliminary Objections, but permitting Morehall to file an amended complaint. On July 3, 1989, Morehall filed an Amended Mechanics' Lien Claim and Amended Complaint. Brittany filed Preliminary Objections to the Amended Complaint on July 19, 1989. Oral argument was held on August 21, 1989, and in an order dated September 11, 1989, the court sustained Brittany's Preliminary Objections and dismissed Morehall's amended complaint. This timely appeal followed.

Our scope of review to a challenge to the sustaining of a preliminary objection in the form of a demurrer is well-settled:

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, *Savitz v. Weinstein,* 395 Pa. 173, 149 A.2d 110 (1959); *March v. Banus, 395 Pa. 629, 151 A.2d 612 (1959), and every inference fairly deducible from those facts,* Hoffman v. Misericordia Hospital of Philadelphia, *439 Pa. 501, 267 A.2d 867 (1970);* Troop v. Franklin Savings Trust, *291 Pa. 18, 139 A. 492 (1927). The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer.* Savitz v. Weinstein, supra.

Since the sustaining of a demurrer results in a denial of the pleader's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443 (1969); *Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A.2d 349 (1965); *Savitz v. Weinstein, supra; London v. Kingsley*, 368 Pa. 109, 81 A.2d 870 (1951). If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected. *Packler v. State Employment Retirement Board*, 470 Pa. 368, 371, 368 A.2d 673, 675 (1977); *see also Schott v. Westinghouse Electric Corp., supra* [436 Pa.] at 291, 259 A.2d at 449.

*Mudd v. Hoffman Homes for Youth, Inc.*, 374 Pa.Super. 522, 524–25, 543 A.2d 1092, 1093–94 (1988) (quoting *County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402, 408 (1985)).

The Mechanics' Lien Law of 1963 provides that:

Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

49 Pa.S.A. § 1301. The definitional section of the Mechanics' Lien Law further provides, in relevant part, that:

The following words, terms and phrases when used in this act shall have the meaning ascribed to them in this section, except where the context clearly indicates a different meaning:

(1) "Improvement" includes any building, structure or other improvement of whatsoever kind or character erected or constructed on land, together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended.

*    *    *    *    *    *

(10) "Erection and construction" means the erection and construction of a new improvement or of a substantial addition to an existing improvement or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof. . . .

*    *    *    *    *    *

(12) "Erection, construction, alteration or repair" includes:

(a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction alteration or repair. . . .

49 Pa.S.A. § 1201. This Court has noted that the definition of "erection, construction, alteration or repair" contained in § 1201(12)(a) "was intended to declare existing decisional law [allowing mechanics liens to attach] with respect to such work upon the ground ... which is *incidental* to the erection, construction, alteration or repair of an improvement, as compared to such work when it is performed *independently* of any erection, construction, alteration or repair of an improvement, in which latter case no lien is allowed." *Sampson–Miller Assoc. Cos., v. Landmark Realty Co.*, 224 Pa.Super. 25, 30, 303 A.2d 43, 45 (1973) (quoting Comment—Joint State Gov't Commission, 1964 Report, 49 P.S. § 1201(1), (12)) (emphasis added).

Appellant's Amended Complaint states, in relevant part, that:

[P]laintiff furnished labor and materials used in the erection and/or construction of an improvement, namely, a housing development known as "Brittany Estates", in

that plaintiff furnished said labor and materials to perform the following erection and/or construction, as defined in the Mechanics' Lien Law of 1963, 49 P.S. Sec. 1201(12)(a) and/or (c): topsoil stripping; earth grading; grading for building pads, including but not limited to the sample units and sales center; construction of a temporary roadway to permit contractors' access to complete erection and/or construction of the aforesaid sample units and sales center; and erection and/or construction of a storm detention basis and related site work necessary to and a component part of the storm sewer system of the aforesaid housing development.

*See* Appellant's Amended Complaint to Obtain Judgment upon Mechanics' Lien Claim at 2. (R. at 7). In granting appellee's preliminary objections and dismissing appellant's complaint, the court reasoned that appellant failed to state a claim under the Mechanics' Lien Law because "plaintiff's allegations of work performed consist of erosion control and of earthwork as categorized in the contract ... unrelated to the erection or construction, alteration or repair, of an improvement to property as defined in the Mechanics' Lien Law." *See* Opinion, November 9, 1989 at 5–6. More specifically, the trial court apparently held that this allegation was insufficient as a matter of law because appellant had failed to allege that: (1) the work it performed was connected to the construction of any "improvement" on the property; and (2) "improvements" in fact had been erected at Brittany Estates. *See id.* After carefully reviewing the record, we cannot agree that the complaint "clearly and without a doubt" failed to allege that the work performed was related to an "improvement".

The above-quoted averments, if accepted as true (*see Mudd v. Hoffman, supra*), would tend to establish that appellant performed significant groundwork in preparation for the construction of housing and administrative structures in Brittany Estates. Under the language of § 1201 and *Sampson–Miller, supra,* if construction has actually taken place in Brittany Estates, then the groundwork that

appellant performed would constitute "erection, construction, repair or alteration of an improvement" for Mechanics' Lien purposes. The key question, then, is whether these above-mentioned factual averments show that any construction actually took place at Brittany Estates. The answer to this question is unclear because the language of the complaint gives rise to two equally plausible interpretations. The first possible interpretation is that the language above is merely a general reference to the development *plan* of Brittany Estates, containing no averment that structures were actually constructed on the site. This is the interpretation relied upon by the court below. The second interpretation, however, is that the language means what it literally states: i.e., that appellant performed work "used in the erection and construction of . . . a housing development known as Brittany Estates." We recognize that the court's interpretation of the complaint is plausible, and that the complaint may not be as specific as it could, or should be. However, because reasonable minds might differ regarding the interpretation of this language, we cannot hold that appellant has "clearly and without a doubt" failed to allege sufficient facts to establish his right to relief. The trial court, therefore, erred in granting appellee's preliminary objections and dismissing appellant's complaint.

For the foregoing reasons, we reverse the order of the lower court and remand for proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I respectfully dissent. A mechanics' lien for improvements to property attaches to the structure only, even if the work performed is preparation work not done to the structure itself. A complaint under the Mechanics' Lien Law must allege that a structure exists. In neither the original

nor the amended complaint did Morehall allege that structures existed on the property. Therefore, the trial court properly granted Brittany's preliminary objections.

Morehall performed ground preparation clearly intended for the construction of housing units. Morehall filed a mechanics' lien claim and a complaint against Brittany Estates. The complaint described the work done in terms of preparation for construction, but it did not allege that buildings were subsequently built. *See* the excerpt from the complaint, Judge Hoffman's Opinion at 269–270. The trial court sustained Brittany Estates' preliminary objections on the grounds that the labor performed was not the erection, construction, alteration or repair of an improvement to property as required by the Mechanics' Lien Law, codified at 49 P.S. 1101 *et seq*, because the existence of a building was not alleged.

The right to a mechanics' lien arises pursuant to the Mechanics' Lien Law:

> Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor ... for labor or materials furnished in the erection or construction, or alteration or repair of the improvement....

49 P.S. § 1301. An improvement means "any building, structure or other improvement of whatsoever kind or character erected or constructed on land ..." 49 P.S. § 1201.

Thus, the remedy of a mechanics' lien is created for the purpose of securing priority of payment for work performed or materials furnished in erecting or repairing a building. As a lien, it is a claim or charge upon realty, rather than merely against the owner, and therefore, proceedings for its enforcement are in the nature of proceedings *in rem*. *See* 23 P.L.E. Mechanics' Liens § 1. "The proceeding here is against the building, and being *in rem* the lien must appear by the record ..." *Hunter v. Lanning*, 76 Pa. 25 (1874).

Reasoning from this principle, our Court in *Sampson–Miller Associated Companies, Inc., v. Landmark Realty Co.*, 224 Pa.Super. 25, 303 A.2d 43 (1973), determined that a mechanics' lien cannot attach to work preliminary to construction if a building was never built. First, the court set forth that the Mechanics' Lien Law represents a special remedy in favor of a unique class of creditors and thus a court should review mechanics' lien claims with a strict construction of the statute. *Sampson–Miller*, 224 Pa.Super. at 26–27, 303 A.2d at 43. As in the present case, the lien claimant had done site preparation work. The work done in *Sampson–Miller* was almost exactly like the work done in the present case; it involved clearing, excavating and grading of the land, installation of storm sewers, sanitary sewers, paving, curbing and seeding. The court interpreted 49 P.S. § 1301, quoted above, in conjunction with the definitions provided in 49 P.S. § 1201 to determine whether the lien could attach to realty absent a building.

The court, dismissing the plaintiff's complaint, held that "In no case ... has a lien been allowed for work on land alone where no building or permanent structure is erected." *Sampson–Miller*, 224 Pa.Super. at 31, 303 A.2d at 46. As with any element of any cause of action, facts in support of the requirement that a structure exist must be alleged in the complaint. At a minimum, a pleader must set forth concisely the facts upon which his cause of action is based. Pa.R.C.P. 1019(a), 42 Pa.C.S.; *Line Lexington Lumber & Millwork Co. v. Pennsylvania Publishing Corp.*, 451 Pa. 154, 301 A.2d 684; *Johnson v. General Motors Corp.*, 349 Pa.Super. 147, 502 A.2d 1317 (1986), *appeal denied* 514 Pa. 639, 523 A.2d 346 (1987). This is especially true with the material facts, those which are essential to show the liability sought to be enforced. *See* 2 Goodrich–Amram 2d § 1019(a):2 (1976). That a building exists is a material element of a mechanics' lien claim.

Morehall makes two arguments to this court, both of which fail. First, he argues that the work done is covered under the Mechanics' Lien Law because the nature of the

work is building preparation work. The decision in *Sampson–Miller*, discussed above, disposes of this argument. Second, Morehall argues that, under the substantial compliance principle, his complaint is sufficient. Underlying this argument is the fundamental misconception that in order to plead a sufficient cause of action under the Mechanics' Lien Law, one need only plead what is enumerated in 49 P.S. § 1503, "Contents of Claim": the name and address of the party claimant, whether he files as contractor or subcontractor, the name and address of the owner or reputed owner, date of completion of the work, a detailed statement of labor and materials furnished and a description of the property upon which the lien shall be placed that is sufficient for identity of that property.

A line of cases interpreting section 1503's requirements hold that so long as the filing of the lien gives sufficient notice to furnish "some data by which, in case of dispute, they may be enabled to ascertain the truth," *Tesauro v. Baird*, 232 Pa.Super. 185, 189, 335 A.2d 792, 793 (1975), the doctrine of substantial compliance will temper the strict construction requirement for a statutory cause of action.

However, in the present case substantial compliance with the § 1503 notice requirement is not at issue. Rather, we are presented with the threshold issue of whether Morehall has alleged a material element of a claim under the Mechanics' Lien Law so as to be able to invoke the statutorily created remedy at all. I would hold that it has not. The substantial compliance principle has never been applied to establish whether the essential element of whether a building exists has been pleaded. I therefore do not agree with Judge Hoffman's conclusion that the complaint is good on the basis that it did not "clearly and without a doubt" fail to allege that the work performed was related to an improvement. I would rely, rather, upon the basic rule of law that a court should review mechanic's lien claims with a strict construction of the statute. *Sampson–Miller, supra.*

Following a hearing pursuant to 49 P.S. § 1505, *see Site Improvements, Inc., v. Central and Western Chester*

*County Industrial Development Authority*, 293 Pa.Super. 1, 5, n. 5, 437 A.2d 960, 962 n. 5. (1981), the trial court dismissed the complaint and sustained preliminary objections because the *rem* in this *in rem* action was not alleged and that therefore the complaint did not state a cause of action. I would agree.

Morehall's complaint alleges that they did ground preparation work for buildings. Neither the complaint nor the amended complaint states that buildings were ever built. Exhibits (such as photographs) attached to a claim may be considered part of the pleading, *Marchak v. McClure*, 108 A.2d 77, 176 Pa.Super. 381 (1928), but no such exhibits were attached. Brittany's preliminary objections averred that the work performed was not incident to construction of an improvement to property as defined in 49 P.S. § 1301. Morehall responded to the preliminary objections simply by saying that their description of the work as work preliminary to building was sufficient. The trial court correctly concluded that because "plaintiff has not specifically alleged anywhere in its amended mechanics' lien claim or amended complaint that any building or structure was in fact erected or constructed or equipment was in fact installed on the property by anyone," Opinion, November 9, 1989 at 6, the complaint failed under the Mechanics' Lien Law.

It is to be remembered that the Mechanics' Lien Law provides a special remedy that is additional, concurrent and cumulative and does not derogate from any other available remedies. *Halowich v. Amminiti*, 190 Pa.Super 314, 154 A.2d 406 (1959). Morehall may always proceed against Brittany in assumsit, as the statute of limitations has not yet run.

For all the foregoing reasons, I would affirm the decision of the trial court.