## Randall Building and Loan Association *v.* Manayunk Realty Company.

*Mechanics' liens—Materials furnished — Portable furnishings— Disallowance of claim.*

1. A mechanic's lien claim for the furnishing and erecting of asbestos curtains and scenery to be used for the purpose of a building, but which were not an essential part of the original plan of construction, were portable, and such as would not pass with the freehold, was properly disallowed.

2. A mechanic's lien claim was properly refused where it was for labor performed and materials furnished after the completion of the building as originally designed, such furnishings being portable and supplied under a separate contract.

Argued Jan. 22, 1918. Appeals, Nos. 122 and 173, Jan. T., 1917, from judgment of C. P., No. 3, Philadelphia Co., Dec. T., 1914, No. 2688, dismissing exceptions to Auditor's report in case of Randall Building and Loan Association v. Manayunk Realty Company. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to auditor's distribution of fund derived from sheriff's sale of real estate. Before George DeB. Myers, auditor.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the exceptions to the report. New York Studios Company and Midland Metal Company appealed.

*Error assigned*, among others, was in dismissing exceptions to the report.

*W. Horace Hepburn, Jr.,* for appellants.

*Stanley Folz,* of *Sundheim, Folz & Fleisher,* for appellee.

PER CURIAM, February 25, 1918:

We have here two appeals which were argued together. The appellants claimed the right, as mechanic's lien creditors, to participate in a fund derived from a sheriff's sale of certain real estate. The fund was paid into court, and an auditor appointed to make distribution. He found that the claim of the New York Studios Company was for furnishing and erecting asbestos curtains, scenery, etc., to be used for the purpose of the business to be conducted in the building, and that the equipment was not an essential part of the original plan of construction. The claim was, therefore, disallowed. The auditor also found that the claim of the Midland Metal Company was for labor performed and materials furnished after the completion of the building as originally designed. The articles were in the nature of furnishings and were supplied under a separate contract. This claim was, therefore, disallowed. In each case the equipment supplied seems to have been portable, and was not such as would pass with the freehold.

Upon the findings of the auditor, confirmed by the court below, the judgment is affirmed.