420 A.2d 690

YELLOW RUN COAL COMPANY, Appellant,

v.

YELLOW RUN ENERGY COMPANY, Owners or
Reputed Owners.

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed June 6, 1980.

David E. Thomas, Philadelphia, for appellant.

John A. Metz, Jr., Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This case raises the issue of whether a mechanics lien may be levied on land for work performed by the appellant in strip mining coal and backfilling, unconnected with the construction of any building or other permanent structure. The lower court sustained a motion to strike the lien from the record and this appeal followed. We affirm the ruling.

In *Sampson–Miller Associated Companies, Inc. v. Landmark Realty Company,* 224 Pa.Super. 25, 303 A.2d 43 (1973), we held that a mechanics lien could not attach to land for work unconnected with the construction of a building or other permanent structure even though the land had been improved by the installation of sewers, paving and curbing. We reviewed the entire statutory and decisional history of mechanics liens in this Commonwealth (at 224 Pa.Super. pp. 30–31, 303 A.2d 43), and concluded that such liens were limited to work which was connected with and an integral part of the erection, construction, alteration or repair of a building or other permanent structure.

Appellant contends that strip mining should be treated as an exception to that ruling because the Mechanics Lien Act of 1901, P.L. 431, had included a mine in its definition of the structures to which a mechanics lien might attach. Section 1 of that Act read:

Section 1. Be it enacted . . . that the words 'structure or other improvements' as used in this act, mean any building, bridge, wharf, dock, pier, bulk–head, vault, subway, tramway, toll–road, conduit, tunnel, *mine,* coal–breaker, flume, pump, screen, tank, derrick, pipeline, aqueduct, reservoir, railroad line; canal, mill race; works for supplying water, heat, light, power, cold air or any other substance furnished to the public; well for the production of

gas, oil or other volatile or mineral substance; or other structure or improvement, of whatsoever kind or character the same may be. (Emphasis added).

The act of 1901 was repealed by the presently applicable Mechanics' Lien Law of 1963, 49 P.S., § 1101, et seq.[1] That Act substituted a more general definition of the improvements to which a lien might attach (49 P.S. § 1201) for the detailed list of such structures in the 1901 Act. However the report of the Joint State Government Commission which sponsored the 1963 Act stated that the more general definition in the 1963 Act of the improvements or structures to which a lien might attach was not intended either to abridge or enlarge the list of such structures enumerated in the 1901 Act. See footnotes 49 P.S. § 1201(1), (12). We accepted that legislative intent in *Sampson–Miller*, supra, 224 Pa.Super. at p. 30, 303 A.2d 43.

Accepting the premise that the general definition of the structures covered by the 1963 Act was intended to codify then existing law that the erection, construction, alteration or repair of a mine could be the basis of a mechanics lien, we cannot construe land from which coal has been removed by surface stripping to be a "mine". We reach this conclusion for a number of reasons. In context, the "mine" in the 1901 Act is one of a list of some 25 or more structures each of which involves the erection or construction of a permanent improvement. An underground mine would also be of this character with its shafts, galleries, tunnels, bulk–heads, lifts and tramways. All of these are improvements "erected or constructed" but nothing in strip mining fits such a category. It simply involves the excavation of top soil and coal and then backfilling. No building or permanent structure is involved.

■■■ We reviewed the existing decisional law in *Sampson–Miller*, supra, and concluded (224 Pa.Super. at p. 31, 303 A.2d at p. 46) that "in no case, however, has a lien been allowed for work on land alone where no building or permanent structure is erected." To construe unimproved land

1. Act of August 24, 1963, P.L. 1175, No. 497, art. I, § 101, et seq.

which has been stripped of coal by surface excavation as a "mine" to which a mechanics lien could attach would be a significant extension of well–established decisional law. It would also be a departure from our long–established rule that our mechanics lien laws are to be given a strict construction in view of the fact that they are in derogation of common law and a special remedy in favor of a unique class of creditors: *Sampson–Miller,* supra, 224 Pa.Super. at pp. 30–31, 303 A.2d 43.

We reaffirm our earlier decisions that no lien can attach to land for work unconnected with the construction of a building or other permanent structure.

Affirmed.