## Joyce v. Sarnelli

*John G. Fahey, Jr.,* for claimant.
, for defendants.

MIHALICH, *J.,* May 2, 1984—This proceeding arises on a Mechanics Lien claim. The property owners have filed preliminary objections to the Mechanics' Lien claim.

Claimant is Peter J. Joyce, t/d/b/a Joyce Refrigeration and Equipment Company. Defendants, Joseph A. Sarnelli and Rose M. Sarnelli, his wife, are the owners of the property located in Donegal Township, Westmoreland County, Pa., against whom the Mechanics' Lien claim was filed on December 20, 1978.

The Mechanics' Lien claim is in the amount of $4,976 for the installation and sale of supermarket equipment, including refrigeration equipment, shelving, check-out stands, walk-in coolers, gondolas, frozen food cases, compressors and produce cases.

Defendants filed preliminary objections in the nature of a demurrer to the Mechanics' Lien claim. The court en banc, by opinion and order dated December 14, 1979, directed the property owners to take deposition in establishing the character of all the fixtures and equipment sold and installed by the claimant. It is upon the defendants' preliminary objections and the deposition of the claimant, Peter J. Joyce, that this matter comes before this court for consideration.

The issue before this court is whether the equipment sold to defendants constitutes an improvement to real estate under the Mechanics' Lien Law. A Mechanics' Lien is a claim created by law for the purpose of securing payment of the price or value of work performed and materials furnished in the erecting or repairing of a building or other structure. It is statutory security for enforcing the payment of certain claims which have added to the value of the property.

The right to a Mechanics' Lien arises pursuant to Section 1301 of the Mechanics' Lien Law (49 P.S. §1301):

"Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor . . . for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, . . ." (Emphasis supplied)

Defendants contend the equipment and services provided do not constitute an improvement within the meaning of the statute.

The term "improvement" contemplated under the Act is defined as follows:

" 'Improvements' includes any building, structure or other improvement of whatsoever kind or character erected or constructed on land, together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended." 49 P.S. §1201(1).

The Pennsylvania Court, in interpreting these definitions, has held that the essence of an "improvement" is a structural connection with a building. Since the Mechanics' Lien is a charge upon realty, it cannot attach to the land for work unrelated to the construction or structural alterations of the building. Sampson-Miller Associated Companies, Inc. v. Landmark Realty Co., 303 A.2d 43, 224 Pa. Super. 25 (1973); Northwood Nurseries v. Timber Hill, Inc., 66 D.&C.2d 314 (1974).

The terms "erection, construction, alteration or repair", contemplated under the Act, are defined as follows:

"Initial fitting up and equipping of the improvement with fixtures, machinery and equipment suitable to the purposes for which the erection, construction, alteration or repair was intended; . . ." [49 P.S. §1201 (12) (b)].

The equipment or fixtures must be of a permanent character which will pass as a part of the freehold and reasonably necessary to equip the building for the purpose for which it is intended. Randall Building and Loan Association v. Manayunk Realty Co., 260 Pa. 421, 103 A. 830 (1918); Miles v. Lewis, 115 Pa. 573, 8 Atl. 625 (1887); Harland v. Rand, 27 Pa. 511 (1856).

Defendants contend that the subject fixtures and equipment were neither permanent in character nor formed a part of the freehold as would pass on a conveyance of the real estate. The court has reviewed the deposition of claimant concerning the character of the equipment and fixtures sold and installed at defendants' premises. Claimant was in the business of selling new and used equipment. Defendants were constructing a new building in Donegal for their food market. Defendants could not afford new equipment and the claimant agreed to supply used, reconditioned equipment and fixtures for the sum of $14,735. The used equipment and fixtures were approximately three to five years old.

The purchase price included delivery and setting up of the equipment and fixtures at defendants' premises. Claimant's setup, however, did not include refrigeration, electrical or plumbing hookups. Claimant's responsibility was simply to set the equipment in place. [Deposition, page 9]. The parties' sales agreement also provides that defendants were responsible for electrical, refrigeration and plumbing hook-ups.

The equipment and fixtures in question were types commonly installed in food markets. Although much of the equipment was large, removal from one food market to another was not uncommon by simply disconnecting electrical or plumbing connections. Other equipment was free-standing shelving

and simply required dismantling for removal. The claimant acknowledged that if the defendants went out of business, the equipment and fixtures could be removed and placed in service in another store. Even the large walk-in cooler could be disconnected and removed from the premises.

The court is convinced in reviewing the deposition of the claimant that the equipment and fixtures sold to defendants were not of a permanent character whereby they were integrated into and formed a part of the building. To the contrary, this type of equipment and fixtures was not only capable, but commonly removed from a food market once such business ceased operations. There was also no attachment of the equipment and fixtures to the structure. The electrical, plumbing or refrigeration connections were not permanent attachments forming a part of the building and to be conveyed as a part of the realty. The equipment and fixtures are not of a type which commonly serves to add value to realty. They constituted personalty which has a continuing value independent of the real estate.

The Mechanics' Lien is in the total amount of $4,976.06, and includes as a part thereof a charge of $1,515 for hauling, storage and commissions on the sale of defendants' used equipment from his New Stanton food market. Clearly, such charge is improper and beyond the authority of the Mechanics' Lien Law.

For the above-mentioned reasons, the court enters the following

## ORDER

And now, this May 2, 1984, it is hereby ordered, adjudged and decreed that defendants' Joseph A. Sarnelli and Rose M. Sarnelli, his wife, preliminary objections in the nature of a demurrer are sustained and claimant's Mechanics' Lien, stricken.