**Treacy v. 1600 Church Road Partnership**

*James P. Geoghegan,* for plaintiff.
*Stephen Levin,* for defendant.

BROWN, *J.,* August 13, 1987—This appeal concerns a mechanics' lien levied against a complex of condominiums situated at 1600 Church Road, Wyncote, this county. On December 2, 1982, defendants, 1600 Church Road Partnership, conveyed the complex to defendant 1600 Transfer Corporation.

On December 15, 1982, after the conveyance to Transfer, plaintiff, Owen Treacy, filed a mechanics' lien against the property in the amount of $11,165.90 naming the partnership as defendant. Plaintiff's claim was for money due and owing for landscaping work, which included seeding, sodding, mulching, fertilizing, lawn cutting, leaf raking, etc.

A complaint in mechanics' lien was filed on April 19, 1983, and later served on the partnership. Judgment was entered on June 22, 1983, in the amount of $11,495.

Since Transfer was the record owner when the mechanics' lien was filed, it petitioned to intervene

as a party defendant. Upon granting that petition Transfer filed preliminary objections which we sustained striking the lien. This appeal followed.

The relevant portions of the Mechanics' Lien Law of 1963[1] provide:

"Every improvement and the estate or title of the owner in the property shall be subject to a lien . . . for the payment of all debts due . . . for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement. . . . 49 P.S. §1301

"Erection, construction, alteration or repair includes: demolition, removal of improvements, excavation, grading, filling, paving and *landscaping, when such work is incidental* to the erection, construction, alteration or repair." 49 P.S. §1201 (12)(a) (emphasis added).

The latter section was intended to declare "existing decisional law with respect to such work upon the ground as demolition, grading, *landscaping* which is incidental to the erection, construction, alteration or repair of an improvement, as compared to such work when it is performed independently of any erection construction, alteration or repair of an improvement, in which latter case no lien is allowed." Comment — Joint State Government Commission, 1964 Report (emphasis added).

*Yellow Run Coal Co. v. Yellow Run Energy Co.,* 278 Pa. Super. 574, 420 A.2d 690 (1980), concerned a mechanics' lien levied on land for work performed in strip mining coal and backfilling, unconnected with the construction of any building or other permanent structure. The Superior Court affirmed the lower court's striking the lien. In so do-

---

1. 49 P.S. §1101 et seq., act of August 24, 1963, P.L. 1175 art. I.

ing the court reaffirmed its earlier decisions that no lien can attach to land for work unconnected with the construction of a building or other permanent structure. See *Sampson-Miller Associated Companies Inc. v. Landmark Realty Company*, 224 Pa. Super. 25, 303 A.2d 43 (1973).

Plaintiff's claim is for routine landscaping services, which were *not* incidental to the construction of a building or other permanent structure. Therefore, plaintiff's claim does not fall within the ambit of the statute and we had no alternative but to strike the lien.