## King's Oak Liquidators v. Bala Cynwyd Hotel Associates

*Lawrence E. Feldman,* for plaintiff.
*Robert N. Hunn,* for defendant.

NICHOLAS, *J.* October 17, 1990 — This opinion is necessitated by the appeal to Superior Court by plaintiff King's Oak Liquidators from our order dated August 10, 1990 which sustained the preliminary objections of defendant Bala Cynwyd Hotel Associates in the nature of a motion to strike and in the nature of a demurrer, striking plaintiff's mechanics' lien claim against defendant on the grounds that the services rendered to defendant by plaintiff do not fall within the scope of the Mechanics' Lien Law of 1963, 49 P.S. §1101 et seq.

The pertinent facts and history of this case are as follows:

In September 1987 defendant hired plaintiff to perform work at the Dunfey City Line Hotel, a hotel complex with some 800 guest rooms and associated facilities owned by defendant and located in Bala Cynwyd, Pennsylvania. Plaintiff alleges that it was hired on the basis of an oral contract with defendant to perform work prepatory to the demolition of the hotel and the construction of office buildings on the hotel site. Plaintiff worked at the site between September 20, 1987 and October 20, 1987. Defendant subsequently terminated its oral contract with plaintiff and refused to pay plaintiff for the work already completed.

On December 3, 1987, plaintiff filed notice of a mechanics' lien claim against defendant, asserting its right to payment of $109,361.50, plus interest and costs, for the work plaintiff had completed at the hotel. Plaintiff alleged that the work consisted of "cleaning kitchens, common areas and loading docks, verifying inventory, securing buildings, etc."

(Exhibit A — notice of mechanics lien claim, filed December 3, 1987.)

On March 25, 1988, plaintiff filed its complaint sur mechanics' lien claim, and on May 16, 1988, defendant filed preliminary objections in the form of a motion to strike and demurrer, asserting that plaintiff's mechanics' lien claim was invalid because the work performed by plaintiff did not fall within the scope of the Mechanics' Lien Law of 1963, 49 P.S. §1101 et seq. On April 2, 1990, defendant filed a preliminary objection in the form of a motion to dismiss for failure to state a cause of action, based on the same grounds.

After oral argument and careful consideration of the briefs of counsel, by order dated August 10, 1990, we sustained defendant's preliminary objections in the nature of a motion to strike and a demurrer on the grounds that the services rendered by plaintiff do not fall within the scope of the Mechanics' Lien Law of 1963, 49 P.S. §1101 et seq.

On September 18, 1990, plaintiff filed its notice of appeal from our order. On September 26, 1990, plaintiff filed its concise statement of matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In its somewhat vaguely phrased concise statement, plaintiff contends that the work performed by plaintiff was "all incidental to, in preparation for and in connection with the clearing of the site for construction of new office buildings," and therefore is encompassed by the Mechanics' Lien Law of 1963.

Plaintiff's contention is without merit.

Title 49 P.S. §1301 addresses the question of when a party has the right to a mechanics' lien. It provides as follows:

"Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be

perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed $500." Act of August 24, 1963, P.L. 1175, no. 497, art. III, §301.

The work performed by plaintiff for defendant simply did not involve "erection or construction or the alteration or repair of the improvement." Plaintiff is thus not entitled to a lien. In its notice of lien claim, plaintiff identified its services as cleaning, verifying inventory, and providing security, none of which are services encompassed by the plain language of the statute.

Mechanics' liens are totally a creation of statute. They did not exist at common law. A long line of cases supports the proposition that statutes creating a right to a mechanics' lien must be construed strictly, with the courts required to be specially cautious not to go beyond legislative intent. See *Brann & Stuart Co. v. Consolidated Sun Ray Inc.,* 433 Pa. 574, 253 A.2d 105 (1969), certiorari denied 396 U.S. 840, 90 S.Ct. 102, 24 L.Ed. 2d 91; *Sampson-Miller Associated Companies Inc. v. Landmark Realty Company,* 244 Pa. Super. 25, 303 A.2d 43 (1973); *McCarthy v. Reese,* 419 Pa. 489, 215 A.2d 257 (1965).

In the instant case, plaintiff's services cannot be considered to fall within the act without this court making an impermissible expansion of the rights granted by the act beyond legislative intent. The language of the act makes clear that only services related to actual construction or structural alterations of buildings are encompassed by the act, and

a long line of cases has so held. *Sampson-Miller Associated Companies Inc. v. Landmark Realty Company, supra; Yellow Run Coal Company v. Yellow Run Energy Company,* 278 Pa. Super. 574, 420 A.2d 690 (1980); *Joyce v. Sarnelli,* 29 D.&C. 3d 544 (1984). The court in *Yellow Run* held that, under the act, mechanics' liens are "limited to work which was connected with and an integral part of the erection, construction, alteration or repair of a building or other permanent structure." 278 Pa. Super. at 575, 420 A.2d at 691.

The services provided by plaintiff were simply not an integral part of the erection, construction, alteration or repair of the hotel or the office buildings which were later built on the hotel site. In *Metropolitan International v. Union Investment Co.,* 17 D.&C. 3d 519 (1981), the court held that security services provided during the construction of a building do not come within the provisions of the act. The court further held "it is readily apparent that the statutory provisions of this act are intended to cover only those services which are involved in the actual construction of a building." 17 D.&C. 3d at 522-3.

Cleaning and verifying inventory are no more related to the actual construction or repair of a building than is providing security services. They are perhaps even less connected with actual construction and repair than are other services which courts have found to be excluded from the act, such as landscaping, *Treacy v. 1600 Church Road Partnership,* 45 D.&C. 3d 109 (1987), and installing supermarket fixtures, *Joyce v. Sarnelli, supra.*

Plaintiff argues that since office buildings were eventually constructed on the site, its work must be considered incidental to the construction of the offices and that its lien is therefore valid. This argument is without merit. The language of the

Mechanics' Lien Law is unambiguous, and our courts have consistently held that a mechanics' lien is only valid where the services *actually* performed by a claimant were *actually* integral to the construction, repair, or alteration of a building. Accepting all plaintiff alleges as true, plaintiff actually performed only services which are not encompassed by the act before being discharged by defendant. It is irrelevant if plaintiff's oral contract with defendant called for work which *would* have been encompassed by the act had it been performed; the act encompasses only work *actually* performed.

This case is clearly distinguishable from the recent case of *Morehall Contracting Co. Inc. v. Brittany Estates,* 396 Pa. Super. 265, 578 A.2d 508 (1990). In *Morehall,* the basic issue was the sufficiency of plaintiff's pleadings, i.e. whether plaintiff alleged that an improvement had ultimately been constructed at the site. There was no doubt that plaintiff's work qualified under the act (excavation and grading prior to construction of housing). In the instant case, it is irrelevant that offices were ultimately constructed on the hotel site because the work done by plaintiff is not encompassed by the statute.

Plaintiff's proper remedy is to be found in an action in assumpsit based on defendant's alleged breach of the oral contract between plaintiff and defendant. Plaintiff may indeed have been wronged, but plaintiff's remedy cannot be found in asking this court to ignore legislative intent and precedent by an impermissible expansion of rights granted under the Mechanics' Lien Law of 1963. Mechanics' liens are designed to secure the rights of a specific type of claimant performing specific work in specific circumstances; mechanics' liens are not vehicles by which *any* injured party may recover unliquidated

damages for a breach of contract. See, e.g., *Dyer v. Wallace,* 264 Pa. 169, 107 Atl. 754 (1919).

For all the foregoing reasons, our order of August 10, 1990, granting defendant's preliminary objections should be affirmed.