592 A.2d 102

**KING'S OAK LIQUIDATORS, Appellant,**

**v.**

**BALA CYNWYD HOTEL ASSOCIATES, Appellee.**

Superior Court of Pennsylvania.

Argued April 3, 1991.

Filed June 11, 1991.

Everett K. Sheintoch, Philadelphia, for appellant.

Mark L. Alderman, Philadelphia, for appellee.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

WIEAND, Judge:

In this mechanics' lien proceeding, the trial court granted a motion to strike the lien because the services rendered by the claimant were not properly the subject of a mechanics' lien. On appeal, we affirm.

A mechanics' lien is a creature of statute. See: Mechanics' Lien Law of August 24, 1963, P.L. 1175, No. 497, 49 P.S. §§ 1101 et seq. A lien is available "for the payment of all debts due by the owner to the contractor ... for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement [to property]." Mechanics' Lien Law of 1963, *supra*, § 301, 49 P.S. § 1301. "Erection, construction, alteration or repair" includes "(a) [d]emolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction, alteration or repair[.]" Mechanics' Lien Law of 1963, *supra*, § 201(12)(a), 49 P.S. § 1201(12)(a).

The notice of lien in this case avers that King's Oak, a Pennsylvania partnership, agreed to furnish labor, as set forth in Exhibit "A", in connection with "liquidation of the furniture, fixtures and equipment; asbestos removal; and demolition of the hotel structure" known as Dunfey City Line Hotel and owned by Bala Cynwyd Hotel Associates, a New York limited partnership. The agreement is not alleged to have been written, and we assume, as appellee suggests, that the only agreement between the parties was oral. The notice of lien, as well as the complaint, refers only generally and non-specifically to the labor performed pursuant to the oral contract. The statement for services attached as Exhibit "A", however, is specific and is as follows:

EXHIBIT "A"
LABOR AND MATERIAL FURNISHED TO
BALA CYNWYD HOTEL ASSOCIATES
BY KING'S OAK LIQUIDATORS
September–October, 1987

Labor for: cleaning kitchens, common areas and loading docks, verifying inventory, securing buildings, etc. 9/20 to 10/20/87

| | | |
|---|---|---|
| 8 men @ $15/hr. per man | | |
| 285 hours total | | $ 34,200.00 |
| 4 supervisors @ $50/hr. per man | | |
| 326 hours total | | 65,200.00 |
| Supplies & Equipment | | |
| Chains, locks, cleaning | | |
| supplies, etc. | | 892.00 |
| Security services | 9/20–9/30/87 | 1,712.75 |
| | 10/1–10/31/87 | 7,356.75 |
| | TOTAL | $109,361.50 |

From this it can be determined that the services for which the claim is made include labor involved in cleaning, verifying inventory and securing buildings, as well as the cost of cleaning supplies. A claim is also made for security services, including the cost of chains and locks.

 The Mechanics' Lien Law is to be given a strict construction because it is in derogation of the common law and provides a special remedy in favor of a unique class of creditors. *Yellow Run Coal Co. v. Yellow Run Energy Co.*, 278 Pa.Super. 574, 577, 420 A.2d 690, 692 (1980); *Sampson–Miller Associated Companies, Inc. v. Landmark Realty Co.*, 224 Pa.Super. 25, 26–27, 303 A.2d 43, 43 (1973). In general, a lien cannot attach to land for work unconnected with the construction of a building or other permanent structure. *Yellow Run Coal Co. v. Yellow Run Energy Co., supra*, 278 Pa.Super. at 575, 420 A.2d at 691; *Sampson–Miller Associated Companies, Inc. v. Landmark Realty Co., supra*, 224 Pa.Super. at 30–31, 303 A.2d at 45–46. It has been held, therefore, that security services performed during construction of a building are not protected by the Mechanics' Lien Law. *Metropolitan International v. Union Investment Co.*, 17 Pa.D. & C.3d 519 (Phila.1981). It has also been held that the removal of trash as part of a contract to demolish a building is not protected. *Jan–Lee Corp. v. Thompson Realty Co.*, 3 Pa. D. & C.2d 457 (Phila.1954).

 After careful review of the Mechanics' Lien Law and its purposes, we conclude that cleaning services per-

formed pursuant to an oral agreement, even if in preparation for demolishing a building, are not subject to protection under the Mechanics' Lien Law. Similarly, neither security services nor work done in verifying inventory are lienable. Our decision is required by the clear intent of the legislature. If it had intended to include such items within the protection of the Mechanics' Lien Law, it would have said so. It did not, and this Court cannot rewrite the law. The plaintiff in this case is not without remedy, but it cannot proceed via mechanics' lien.

Order affirmed.