## Hunter v. Meadville Sandblasting Inc.

*Harry Faber White,* for claimant.
*Paul E. Allen,* for owner.

VARDARO, *J.,* April 16, 1992—

### BACKGROUND

The claimant filed a mechanics' lien claim for labors and materials due pursuant to an oral agreement with the owner for clearing, leveling, filling and packing of a three-acre lot.

The owner filed preliminary objections to the claim seeking that it be stricken due to the fact that: (1) the lien-claim is for more real property than should justly be included; (2) there was no building or other structure being erected, constructed, altered or repaired to which the alleged lienable work was incidental; and (3) the claim does not set forth in detail the labor and materials which were furnished to the defendant corporation.

### DISCUSSION

The claimant's work was apparently done to create a storage space of several thousand tons of steel but

was not done in conjunction with or incidental to the construction of a building or other structure.

Section 1301 of the Mechanics' Lien Law of 1963 defines when a right to lien arises. It states:

"Every *improvement* and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his sub-contractors *for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement,* provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this Act, shall exceed $500." 49 P.S. §1301. (emphasis added)

Section 1201(1) of the Mechanics' Lien Law of 1963 defines "improvement" as:

"(1) 'Improvement' includes any building, structure or other improvement of whatsoever kind or character erected or constructed on land, together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended."

Section 1201(12) of the Mechanics' Lien Law of 1963 defines "erection, construction, alteration or repair" as including:

"(a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, *when such work is incidental to the erection, construction, alteration or repair.*" (emphasis added)

The comment by the Joint State Government Commission (1964 Report) sheds some light on the appropriate interpretation of the above section.

"Subsection (a) declares existing decisional law with respect to such work upon the ground as demolition, grading, landscaping which is incidental to the erection, construction, alteration or repair of an improvement, as compared to such work when it is performed independently of any erection, construction, alteration or repair of an improvement, *in which latter case no lien is allowed.*" 49 P.S. §1201, *comment.* (emphasis added)

Therefore, the grading and excavating which is the subject of the claimant's lien must be incidental to some building or structure. "In general, a lien cannot attach to land for work unconnected with the construction of a building or other permanent structure." *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa. Super. 250, 251, 592 A.2d 102, 103 (1991).

This general rule is supported by existing case law which has denied mechanics' lien claims for various activities not incidental to the construction of a building or other structure. *King's Oak Liquidators, supra,* (cleaning and security services are not subject to protection under the Mechanics' Lien Law); *Yellow Run Coal Co. v. Yellow Run Energy Co.,* 278 Pa. Super. 574, 420 A.2d 690 (1980) (mechanics' lien could not be levied on land for work performed in strip-mining coal and backfilling, unconnected with construction of any building or other permanent structure); *Sampson-Miller Associated Cos. Inc. v. Landmark Realty Co.,* 224 Pa. Super. 25, 303 A.2d 43 (1973) (court held no lien can attach to land for work unconnected to the construction of a building, in affirming striking of claimant's mechanics' lien for clearing, grubbing, ex-

cavating and grading the land; installation of storm sewers, sanitary sewers, paving and curbing, and seeding.) *Treacy v. 1600 Church Road Partnership,* 45 D.&C.3d 109 (1987) (claim for routine landscaping services not incidental to construction of building does not fall within the ambit of the Mechanics' Lien Law); *Hamme v. Lockamy,* 34 D.&C.2d 462 (1964) (grading and construction of parking lot and walks is not part of "erection and construction" of a restaurant and therefore such labor and material would not be subject to a mechanics' lien even though such parking area would be part of the curtilage that would be subject to a lien for the payment of debts due in the erection and construction of the restaurant.)*

---

* In light of the conclusion, we do not reach the first and third issues raised by the preliminary objections of the owner.