**WENDT & SONS, by Jere A. Wendt, Managing Partner, Appellant,**

v.

**NEW HEDSTROM CORP., A Delaware Corporation, Appellee.**

Superior Court of Pennsylvania.

Argued April 28, 2004.

Filed Sept. 10, 2004.

Bradley D. Allison, Bedford, for appellant.

Stacey A. Scrivani, Reading, for appellee.

Before: HUDOCK, GANTMAN and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellant Wendt & Sons, by Jere A. Wendt, managing partner, appeals the order of the Court of Common Pleas of Bedford County entered on July 30, 2003, granting the preliminary objections in the nature of a demurrer filed by Appellee New Hedstrom Corp. We reverse.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, *Witmer v. Exxon Corp.*, 260 Pa.Super. 537, 394 A.2d 1276 (1978), *affirmed*, 495 Pa. 540, 434 A.2d 1222 (1981), in order to evaluate the sufficiency of the facts averred. *See Lisk Plumbing and Heating Co., Inc. v. Schons*, 283 Pa.Super. 344, 423 A.2d 1288 (1981) (agreements accompanying complaint are part of record).

Our inquiry goes only to determining the legal sufficiency of [A]ppellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. We must be able to state with certainty that "upon the facts averred, the law will not permit recovery by the plaintiff." *Berger v. Ackerman*, 293 Pa.Super. 457, 459, 439 A.2d 200, 201 (1981).

This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. Further, "when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless." *Guistra Development Co., Inc. v. Lee* [, 428 Pa.Super. 394, 400, 631 A.2d 199, 202 (1993)] (citing *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer*, 416 Pa.Super. 53, 56, 610 A.2d 503, 504 (1992) [. . .]). *Denlinger v. Agresta*, 714 A.2d 1048, 1050–51 (Pa.Super.1998); *see also Patrick Mc Guigan Roofing Co. v. Kallman* 405 Pa.Super. 586, 592 A.2d 1368, 1369 (1991); *Morehall Contracting Co. v. Brittany Estates Ltd. Partnership*, 396 Pa.Super. 265, 578 A.2d 508 (1990).

¶ 2 The record reveals Appellant, an Indiana based partnership, and HPM Corporation ("HPM"), an Ohio based business, entered into contracts in December of 2000 and February of 2001 "to furnish labor and to deliver and erect new equipment on [Appellee's] real estate, which improvements created a new use of said real estate." *See* Appellant's "Complaint," ¶ 4. Appellant was a subcontractor for HPM. Despite the completion of work and the repeated demands for payment, Appellee refused Appellant the balance claimed due of $111,564.00. *Id.* at ¶ 6, 578 A.2d 508.

¶ 3 Within 4 months of the completion of work, Appellant filed a mechanic's lien (after having filed a notice of intention to file a lien at least 30 days prior thereto) in the Bedford County recorder of deeds' office. Appellant sought the determination of the

validity and priorities of all other liens and interest on Appellee's real estate, the entry of judgment in its favor in the amount stated, and foreclosure and sale of Appellee's real estate. The proceeds of such sale were to be paid in satisfaction of Appellant's lien, and, if not sufficient, to have the sheriff of Bedford County levy upon the goods and chattels of Appellee until such judgment was paid in full.

¶ 4 The mechanic's lien claim also stated Appellee contracted with HPM to purchase and install a hydraulic plastics injection machine at Appellee's Bedford County facility. Appellant provided the men and equipment to remove and load the machine from Oklahoma and transport, unload and assemble it in Pennsylvania for use in Appellee's plant. In the "Statement of Mechanic's Lien," Appellant filed a claim as subcontractor against Appellee and all tracts of land and buildings situated in Bedford County. Appellant averred that, at the above-described tracts of land owned by Appellee, it "thereon erected buildings at the time work was performed at the premises [....]" *See* Appellant's "Statement of Mechanic's Lien," at 4, ¶ 2. Further, Appellant asserted it "furnished men, equipment, removal, transportation, unloading, mobilization and assembly and contracted with HPM [...] for removal and loading of a 2250 HPM Hydraulic Plastics Injection Machine from Oklahoma City, Oklahoma, for transportation to and unloading and assembly at [Appellee's plant] in Bedford, Pennsylvania." *Id.* at ¶ 3.

¶ 5 Appellee contended Appellant's "Mechanic's Claim pursuant to 49 P[a].[C.]S.[A.] § 1505 [...] did not conform with the requirements of the Mechanic's Lien Law" because the work was not subject to protection under 49 Pa. C.S.A. §§ 1209(1) and 1301. *See* Appellee's "Preliminary Objections in the Nature of a Demurrer," ¶¶ 3 and 4. The reason averred by Appellee for this nonconformance by Appellant was that the work did not meet the requirements of an "improvement" as defined by the Mechanic's Lien Law, *i.e.,* it was not "permanent" and "substantial." *Id.* at 5(a)–(b). Appellant denied the allegations set forth in Appellee's preliminary objections. The trial court directed the filing of an amended complaint "specifying and describing the exact work performed by [Appellant,] the nature and size of the machine erected, and what specifically was involved in moving and installing the machine." The trial court held that insufficient facts were pleaded to determine whether the machine was an alteration or repair falling within the notice requirements of 49 Pa.C.S.A. § 1501. Based upon the facts asserted at oral argument on Appellant's first complaint, it appeared to the trial court that the machine was erected or constructed at Appellee's plant. As a result, the trial court directed Appellant to plead such facts in an amended complaint "so that a clear determination c[ould] be made by [Appellee] and the [trial c]ourt that the machine was [...] erect[ed] or construct[ed]." *See* Trial Court's "Memorandum" and "Order of Court," 2/24/03, at 7 and 8, ¶ 3.

¶ 6 Appellant filed an amended complaint, which averments were identical to the allegations made in the original complaint save for the following:

5. [Appellant] completed the work all as agreed, to-wit:

    a. The equipment was purchased by [Appellee] from HPM [...]; and the equipment was located in Oklahoma.

    b. The equipment weighed approximately 325,000 pounds and was too large to be moved without being disassembled.

c. Even when it was disassembled, one portion of the equipment was so heavy [Appellant] had to load it upon a system of dollies consisting of twenty-one axles in order to be moved.

d. [Appellant] used its special skills to move the equipment to Bedford, PA, from Oklahoma.

e. Upon the arrival of the equipment at [Appellee's] location in Bedford, PA, a large opening had to be made in the wall of [Appellee's] building in order to move the equipment into the building.

f. Before the equipment could be erected in [Appellee's] building, a special, reinforced foundation had to be installed in the building so that the equipment could be set down without sinking into the ground.

g. Before the equipment could be erected a special pit had to be built beneath the equipment's intended site in order to receive the product which the machine would produce.

h. The roof above the equipment had to be reinforced with steel girders to hold a hoist to move molds in and out of the equipment.

i. The building's electrical and water systems had to be re-worked in order to provide power to run the equipment and water to cool the equipment.

j. Upon the completion of said changes to the building itself, [Appellant] used its special skills to move the equipment into the building and to erect the equipment, making it as much of a permanent part of the existing building as any other part of the building.

*See* Appellant's, "Amended Complaint," ¶ 5(a)-(j). With the exchange of additional pleadings (*e.g.*, Appellant's, "Reply to [Appellee's] Motion for Non–Pros,") Appellee resubmitted its preliminary objections in the nature of a demurrer, and asserted, in essence, the same basis for striking Appellant's mechanic's lien as stated earlier: "The amended complaint does nothing to cure the defects that were in the original complaint. [...] [T]he facts [Appellant] added do not do anything to support their claim for permanent work done on the [Appellee's] property." N.T. Transcript of Proceedings, Argument Court, 6/9/03, at 4 and 17. The trial court granted Appellee's preliminary objections on the basis that Appellant's work was neither "permanent" nor "substantial," which rendered the Mechanics' Lien Law inapplicable as a vehicle for Appellant to recoup monies allegedly owed by Appellee. This timely appeal ensued raising the question:

WHE[THER] THE TRIAL JUDGE IMPROPERLY CONSIDERED FACTS NOT INCLUDED IN THE RECORD IN GRANTING [APPELLEE'S] DEMURRER TO A MECHANICS' LIEN COMPLAINT, AND WHE[THER APPELLANT] FAILED TO PROVE WITH CERTAINTY THAT UPON THE FACTS AVERRED IN [APPELLANT'S] AMENDED COMPLAINT THE LAW WOULD NOT PERMIT RECOVERY, SHOULD THE TRIAL JUDGE'S ORDER GRANTING THE DEMURRER BE REVERSED?

Appellant's brief, at 5.

¶ 7 The Mechanics' Lien Law provides: Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his sub-

contractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

49 Pa.C.S.A. § 1301. The definitional section of the Mechanics' Lien Law provides, in relevant part:

The following words, terms and phrases when used in this act shall have the meaning ascribed to them in this section, except where the context clearly indicates a different meaning:

(1) *"Improvement" includes any* building, *structure or other improvement of whatsoever kind or character erected or constructed on land,* together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended.

\*       \*       \*       \*       \*       \*

(10) *"Erection and construction" means the erection* and *construction* of a new improvement or *of a substantial addition to an existing improvement, or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof* [ . . . . ]

\*       \*       \*       \*       \*       \*

(12) "Erection, construction, alteration or repair" includes:

(a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction, alteration or repair [ . . . . ]

49 Pa.C.S.A. § 1201 (emphasis added).

■ ¶ 8 When a statute is clear and unambiguous on its face, the terms contained therein will be interpreted in a common-sense fashion to give meaning to the entire statute. *See* 1 Pa.C.S.A. § 1921. Consistent with the precepts of the Statutory Construction Act, we read the Mechanics' Lien Law to allow Appellant's work to be equated with "the erection and construction of a substantial addition to an existing improvement or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof." To explicate, the Mechanics' Lien Law defines an "improvement" as "any structure of whatsoever kind or character erected or constructed on land." 49 Pa.C.S.A. § 1201. This is exactly what occurred here when Appellant dismantled, transported, and "erected" a 325,000 pound hydraulic plastics injection machine in Appellee's plant, the foundation for which had to be "reinforced" to accommodate the weight of the equipment.

¶ 9 Albeit the unit installed by Appellant was not a "new improvement," in the sense that it was pristine and unused prior to being "erected" in Appellee's plant, it was certainly "a substantial addition to an existing improvement[, *i.e.,* the original building in which the unit was ultimately housed,] rendering the [original building] fit for a new or distinct use and affecting a material change in the interior [ . . . ] thereof [ . . . . ]" 49 Pa.C.S.A. § 1201.[1] The inci-

---

1. This is a reasonable inference to be drawn from the allegations set forth in Appellant's "Amended Complaint," at ¶ 5(a)-(j), which is permissible and consistent with the standard of review utilized in assessing the grant of preliminary objections in the nature of a demurrer dismissing a mechanics' lien complaint. *See Morehall, supra* at 508 ("For the purpose of testing the legal sufficiency of a challenged pleading[, *i.e.* a mechanics' lien

dental alterations performed by third parties unassociated with Appellant, which were necessary to accommodate the installation and operation of the machinery[2] (*e.g.,* reinforcing foundation, erecting a special pit to contain the unit, and reinforcing the roof to handle a hoist to move molds in and out of the unit) reflect (in conjunction with the enormity of the machine) on the material change in the interior of the plant caused by the arrival of the plastic-making machinery. *See* Appellant's "Amended Complaint," ¶ 5(a)-(j).

¶ 10 Appellant's erection of the machinery was the final piece of the puzzle, concomitant with the incidental improvements necessary to allow for the unit to operate, which created a distinct use for the plant and effected a material change in the interior thereof to qualify Appellant's labor as protected under the Mechanics' Lien Law.[3] *Compare Morehall, supra* (grading and excavation work completed in advance of construction of housing alleged sufficient facts to establish subcontractor's right to relief pursuant to the Mechanics' Lien Law); *Yellow Run Coal Co. v. Yellow Run Energy Co.,* 278 Pa.Super. 574, 420 A.2d 690, 691 (1980) (Mechanics' liens are "limited to work which was connected with and an integral part of the erection, construction, alteration or repair of a building or other permanent structure."), and *contrast King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 7 Pa. D. & C. 4th 634 (1990) (Performance of work prior to the demolition of hotel and the construction of office buildings on the hotel site did not

complaint,] a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, and every inference fairly deducible from those facts. [...] If the facts as pleaded state a claim for which relief may be granted under any theory of the law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected." (citations omitted)).

2.  The trial court references the "incidental alterations" performed by third parties, which it concludes renders Appellant's argument of coming within the ambit of the Mechanics' Lien Law unpersuasive; to-wit:

> [Appellant] persuasively argues that the extensive and permanent physical modifications that were made in preparation for the installation of the equipment establish [Appellant's] work was an improvement under the Mechanic's Lien Law. And, we may very well agree with [Appellant,] had [Appellant] undertaken the task of making the permanent physical modifications to [Appellee's] facility, as these physical changes are seemingly permanent and within the ambit of "improvements" under the Mechanics Lien Law. As it stands, however, [Appellant] took no part in the opening of the hole in the wall for insertion, the reinforcement of the ceiling and

floor, or the modification to the electrical and water systems. Since [Appellant] must prove its claim falls strictly within the provisions of the Mechanic's Lien Law, we believe that [Appellant] cannot bolster its argument that the installation of the equipment is an improvement based upon the fact that work provided by third parties constitutes improvements under the Mechanic's Lien Law. We therefore find that [Appellant's] installation of the equipment into [Appellee's] facility does not amount to a permanent improvement and, as such, [Appellant's] claim is not viable under the Mechanic's Lien Law and thereby fails as a matter of law.

Trial court opinion, 7/30/03, at 6. We find, in contrast to the trial court's holding, Appellant's work does come within the perimeters of the Mechanics' Lien Law despite the presence of third parties performing on-site work to receive the equipment and facilitate its operation. *See* discussion, *infra.*

3.  We note that the size of the machinery was not what caused this Court to reverse the determination of the trial court but Appellant's opportunity to prove that the machinery was an improvement. There exist certain issues of fact that may not be properly resolved through preliminary objections in the nature of a demurrer and must be explored through evidentiary presentation.

fall within the scope of the Mechanics' Lien Law.); *Joyce v. Sarnelli*, 29 Pa. D. & C.3d 544 (1984) (Installation of supermarket fixtures not protected work under Mechanics' Lien Law.).

¶ 11 For the foregoing reasons, we reverse the order of the trial court and remand for proceedings consistent with this Opinion.

¶ 12 Order reversed. Case remanded. Jurisdiction relinquished.