J-A06045-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IRON CITY EXCAVATING, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANIMAL FRIENDS, INC., | : | |
| | : | |
| Appellant | : | No. 1532 WDA 2017 |

Appeal from the Order Entered October 10, 2017
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): No. GD17-8388

BEFORE:    BENDER, P.J.E., SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED APRIL 5, 2018

Iron City Excavating, Inc., appeals from the order entered on October 10, 2017, which sustained preliminary objections filed by Animal Friends, Inc., and dismissed Iron City's mechanics' lien claim, see 49 P.S. §§ 1101-1902. We affirm.

We offer the following summary of the facts based upon the mechanics' lien claim filed by Iron City against Animal Friends on June 6, 2017. According to Iron City, it was a subcontractor of Burchick Construction Company, Inc., for work to be performed on a new commercial building that was owned and operated by Animal Friends. Iron City asserted that it was not paid for labor and materials for work it performed, and therefore Animal Friends owed Iron City $97,154. Thus, Iron City filed a mechanics' lien claim pursuant to 49 P.S. § 1502.

_____

*Retired Senior Judge assigned to the Superior Court.

On August 2, 2017, Animal Friends filed preliminary objections to the mechanics' lien claim pursuant to 49 P.S. § 1505 (governing the procedure for contesting a claim), arguing that Iron City waived its right to file a mechanics' lien claim pursuant to 49 P.S. § 1402(a) (governing waiver of liens by contractors). Iron City responded by arguing that the waiver of lien agreement signed by Burchick was improper pursuant to 49 P.S. § 1401(b)(2) (governing the posting of a bond as consideration for a waiver of lien agreement). The trial court initially overruled those preliminary objections, but on October 10, 2017, the trial court entered an order granting Animal Friends' motion for reconsideration and sustaining the preliminary objections. Iron City timely filed a notice of appeal, and both Iron City and the trial court complied with Pa.R.A.P. 1925.

On appeal, Iron City sets forth numerous issues arguing that the trial court erred in sustaining preliminary objections in this mechanics' lien claim. We review these issues mindful of our standard of review.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, [] in order to evaluate the sufficiency of the facts averred.

> Our inquiry goes only to determining the legal sufficiency of [the claimant's] complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. We must be able to state with certainty that upon the facts averred, the law will not permit recovery by the [claimant].

This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. Further, when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless.

Wendt & Sons ex rel. Wendt v. New Hedstrom Corp., 858 A.2d 631, 632

(Pa. Super. 2004) (quoting Denlinger v. Agresta, 714 A.2d 1048, 1050–51

(Pa. Super. 1998)) (internal citations and quotation marks omitted).

We also set forth the relevant law surrounding mechanics' lien claims.

§ 1401. Waiver of lien by claimant

* * *

(b)   Nonresidential Buildings.

(1)   Except as provided in subsection (a), a waiver by a contractor of lien rights is against public policy, unlawful and void unless given in consideration for payment for the work, services, materials or equipment provided and only to the extent that such payment is actually received.

(2)   Except as provided in subsection (a), a waiver by a subcontractor of lien rights is against public policy, unlawful and void, unless given in consideration for payment for the work, services, materials or equipment provided and only to the extent that such payment is actually received, or unless the contractor has posted a bond guaranteeing payment for labor and materials provided by subcontractors.

§ 1402. Waiver by contractor; effect on subcontractor

(a)   General rule.-- To the extent that lien rights may be validly waived by a contractor or subcontractor under section 401(a) or where the contractor has posted a bond under section 401(b)(2), a written contract between the owner

and a contractor, or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding: but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials were furnished by him; or proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work upon the ground or within ten (10) days after the execution of the principal contract or not less than ten (10) days prior to the contract with the claimant subcontractor, indexed in the name of the contractor as defendant and the owner as plaintiff and also in the name of the contractor as plaintiff and the owner as defendant. The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of any subcontractor, shall be a written agreement to that effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation.

49 P.S. §§ 1401-1402 (emphasis added).

Iron City argues that the waiver of lien agreement contemplated by subsection 1402(a) can only be satisfied where the bond posted by Burchick satisfies the requirements of subsection 1401(b)(2). Iron City goes on to argue that in this case the $6,000,000 bond posted by Burchick does not satisfy these requirements because it does not guarantee "payment for labor and materials provided by subcontractors."[1] 49 P.S. § 1401(b)(2); Iron City's Brief at 23. Iron City contends that the subsection should be interpreted as requiring that the posted bond "be the equivalent of payment for the work in

_____

[1] The contract between Burchick and Iron City provided that Burchick would pay Iron City $540,000 for its work. Preliminary Objections, 8/2/2017, at Exhibit 3, Article II(a).

- 4 -

order for the bond to be capable of forming a basis for waiver of the subcontractor's lien rights." Id. Iron City also suggests that the language contained in the bond in this case is inadequate because the bond surety is not obligated to pay subcontractors where Burchick is in default.[2] Id. at 25. Thus, according to Iron City, there is no "valid and legally enforceable no lien agreement between [Burchick] and Iron City" and therefore the trial court erred in sustaining the preliminary objections. Id. at 32.

_____

[2] Iron City points specifically to sections 3 and 17 of the bond in support of this contention. See Iron City's Brief at 24. Those sections provide as follows.

> § 3 If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens, or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.
>
> * * *
>
> § 17 If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

Preliminary Objections, 8/2/2017, at Exhibit 1. Specifically, Iron City suggests that the language of § 3 is conditional. Iron City's Brief at 24. It clearly is conditional, but it is conditional upon the provision of notice to the surety. In addition, Iron City argues that the language of § 17 is unclear. We disagree. If the terms are substituted according to this provision, the language is perfectly clear that the agreement applies to contractors (ie. Burchick) and subcontractors (ie. Iron City).

Here, the trial court reviewed the sections of the bond that Iron City claimed are inadequate, and concluded that "there is nothing improperly conditional, ineffective, or legally inadequate about the bond. To the contrary, the bond satisfies the relevant sections of the Pennsylvania lien laws." Trial Court Opinion, 11/3/2017, at 2-3.

Our review of the claim and the preliminary objections yields the same result as that of the trial court. Despite Iron City's attempts to convince this Court otherwise, as well as claim that this case is one of "first impression," see Iron City's Brief at 17, we conclude that Burchick and Animal Friends entered into a valid waiver of lien agreement; that Iron City and Burchick made this waiver of lien agreement part of their contract;[3] and therefore, Iron City is bound by the waiver of lien agreement. Accordingly, Iron City is not entitled to file a mechanics' lien claim against Animal Friends, and the trial court did not err in sustaining preliminary objections and striking the claim.

Order affirmed.

_____

[3] See Preliminary Objections, 8/2/2017, at Exhibit 3, Article XI(a) (stating "Subcontractor hereby expressly waives all rights to assert any mechanic's [sic] lien or materialman's lien or other lien or claim against the Owner's property").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2018